IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-160-FL

| | |
|---|---|
| NOEL MYRICKS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

This matter, initiated by complaint filed March 22, 2022, in Wake County District Court, is before the court on defendant's motion for judgment on the pleadings, (DE 7), filed May 2, 2022, pro se plaintiff's May 3, 2022, letter motion enclosing his amended complaint wherein he requests remand, (DE 13), and motion filed July 1, 2022, wherein plaintiff seeks this court to expedite its decision-making, (DE 21).[1] Issues raised are ripe for ruling. For the following reasons, the court returns this case to Wake County District Court.

### STATEMENT OF THE CASE

Plaintiff's claims arise out of defendant's alleged failure to pay for a full roof replacement necessitated by wind and hail damage, which plaintiff contends reflects defendant's pattern of discriminatory treatment. Plaintiff appeared to assert violations of the Civil Rights Act of 1866 and 42 U.S.C. § 1981, as well as state law claims for breach of contract, bad faith, and unjust enrichment. Plaintiff seeks compensatory damages.

---

[1] This motion is DENIED AS MOOT.

Defendant removed the action to this court April 25, 2022, pursuant to 28 U.S.C. §1441(c), and thereafter moved for judgment on the pleadings with reference to that complaint filed March 22, 2022. Just three days after defendant filed its motion, together with answer, on May 2, 2022, on May 5, 2022, the clerk entered into the record plaintiff's amended complaint, made as a matter of course, wherein he only asserts a claim for breach of contract. As mentioned, plaintiff's letter to the clerk, covering the amended complaint, requesting remand, was taken into the record as a motion. The amended complaint includes in its prayer similar request. Defendant filed its answer to the amended complaint, disputing plaintiff's entitlement to any recovery, May 18, 2022.

## COURT'S DISCUSSION

"As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). On the record before it, defendant's motion for judgment on the pleadings, (DE 12), is denied as moot. See Fed. R. Civ. P. 15(a)(1)(B).

Defendant removed this action to this court on the basis of federal question and supplemental jurisdiction, citing to plaintiff's allegations of violations of the Civil Rights Act of 1866 and 42 U.S.C. § 1981. (See Notice of Removal (DE 1) ¶¶ 5, 6 (citing 28 U.S.C. §§ 1331, 1367)). Plaintiff's amended complaint, (DE 12), omits his federal claims, leaving only a state claim for breach of contract.

Defendant has made no response to plaintiff's request to return this action to the state court. The action is in its early stages. The court in its discretion declines to exercise supplemental jurisdiction over the remaining breach of contract claim.

## CONCLUSION

Based on the foregoing, plaintiff's motion to remand, (DE 13), is GRANTED. This case is REMANDED to the General Court of Justice, District Court Division, Wake County, North Carolina, for further proceedings. The clerk is DIRECTED to transmit a certified copy of this order to the clerk of the General Court of Justice, District Court Division, Wake County, North Carolina, and to file in this case a copy of the clerk's transmittal letter with certified copy of the instant order. The case shall be closed, with the record also reflecting defendant's motion for judgment on the pleadings, (DE 7), was DENIED as MOOT.

SO ORDERED, this the 7th day of July, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge